IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Karen Fryer, Individually and as Personal Representative of the Estate of Erika M. Hayward, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.: 9-02-3878-23 |
| Ford Motor Company, | ) ) | |
| Defendant. | ) ) | |
| Gwendolyn Wilson, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.: 9-04-23322-23 |
| Ford Motor Company, | ) ) | |
| Defendant. | ) ) | **ORDER** |
| Bridgette Michelle Burden, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.: 9-03-0959-23 |
| Ford Motor Company, | ) ) | |
| Defendant. | ) ) | |
| Carla Denise Leurie, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.: 9-03-0960-23 |
| Ford Motor Company, | ) ) | |
| Defendant. | ) ) | |

    This matter is before the court upon the following motions: (1) Plaintiff's motion to alter and amend Judgment of April 12, 2006; (2) Plaintiffs' motion for a new trial on the issue of punitive damages; and (3) Defendant Ford Motor Company's ("Ford") motion for judgment as a matter of law, or in the alternative, for a new trial as to phase one. For the reasons set forth herein, the court

grants Plaintiffs' motion to alter the Judgment filed April 12, 2006, denies Plaintiffs' motion for a new trial on the issue of punitive damages, and denies Defendant's motion for judgment as a matter of law, or in the alternative, for a new trial as to phase one.

## **BACKGROUND**

On October 13, 2005, after approximately two and a half weeks of testimony, the jury returned a verdict in favor of Plaintiffs on their causes of action for strict liability, breach of implied warranty, and negligence, awarding: (1) the estate of Erika Hayward $3,250,000.00; (2) Plaintiff Gwendolyn Wilson $5,000.00; (3) Plaintiff Bridgette Michelle Burden $270,000.00; and (4) Plaintiff Carla Denise Leurie $400,000.00. The first jury determined that Ms. Hayward was 45 percent at fault and that Ms. Wilson was 40 percent at fault.

On October 17, 2005, the court proceeded to phase two of the trial to consider Plaintiffs' claim for punitive damages based on the negligence verdict. Following the close of evidence on that day, Ford made a motion for judgment as a matter of law, which the court denied. The jury began deliberations at approximately 4:30 in the afternoon, and six hours later, the jury advised the court that it could not reach a verdict on the punitive damages claim. At that time, Ford renewed its motion for judgment as a matter of law, which the court again denied. The court declared a mistral as to phase two of the trial and discharged the jury.

Following the declaration of mistrial, the parties filed various motions with the court. Ultimately, in an Order filed on March 6, 2006, the court denied Defendant Ford's motion for judgement as a matter of law on Plaintiff's punitive damages claim, and the court granted Plaintiffs' motion for partial new trial on punitive damages, which was set to begin on Monday, March 27, 2006. Following approximately two weeks of testimony, the second jury reached a verdict finding

that Plaintiffs had not established an adequate foundation on which to award punitive damages. On April 12, 2006, judgment was entered.

## STANDARD OF REVIEW

Rule 50(b) of the Federal Rules of Civil Procedure provides the following:

If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment– and may alternatively request a new trial or join a motion for a new trial under Rule 59. In ruling on a renewed motion, the court may:

> (1)    if a verdict was returned:
>       (A)    allow the judgment to stand,
>       (B)    order a new trial, or
>       (C)    direct entry of judgment as a matter of law; or
> (2)    if no verdict was returned;
>       (A)    order a new trial, or
>       (B)    direct entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b). Rule 59 provides that the court may grant a new trial "to all or any of the parties and on all or part of the issues (1) in any action for which there has been a trial by jury, for any reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a).

Rule 60 of the Federal Rules of Civil Procedure provides for relief from a judgment due to clerical mistakes. Rule 60(a) states that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Fed. R. Civ. P. 60(a).

## **DISCUSSION**

**I.     Plaintiff's Motion to Alter and Amend Judgment of April 12, 2006**

On April 21, 2006, Plaintiffs filed a motion to alter and amend Judgment of April 12, 2006, "to correct an apparent clerical error," pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. (Pls.' Mot. at 2.) Plaintiffs assert that "the Deputy Clerk erroneously reduced the verdicts awarded" to the decedent, Erika M. Hayward, and to Gwendolyn Wilson by the amounts of these two Plaintiffs' comparative fault.[1] (Pls.' Mot. at 2.) Plaintiffs state:

> As a matter of law, no reduction in the verdicts for comparative negligence is permissible on the strict liability and breach of warranty causes of action. Moreover, because no election of remedies is required in this case, the damages judgment cannot be upheld on grounds that the Plaintiffs were required to elect their negligence cause of action – and waive the strict liability and breach of warranty verdicts – in order to proceed on the punitive damages claim. The Judgment accordingly should be altered and amended to provide for a judgment of $3,250,000.00 for Plaintiff Karen Fryer, as the Personal Representative of the Estate of Erika Hayward, and a judgment of $5000.00 for Plaintiff Gwendolyn Wilson.

(Pls.' Mot. at 3.)

---

[1] The Judgment entered on April 12, 2006, provides the following:

> IT IS FURTHER ORDERED AND ADJUDGED as to Damages, that a judgment is entered against defendant Ford Motor Company on behalf of the estate of Erika Hayward in the amount of three million two hundred fifty thousand and 00/100 dollars ($3,250,000.00), less the percentage of fault attributed to Ms. Hayward of 45%, for a total judgment in the amount of one million seven hundred eighty seven thousand five hundred and 00/100 dollars ($1,787,500.00).

> IT IS FURTHER ORDERED AND ADJUDGED as to Damages, that a judgment is entered against Ford Motor Company and in favor of Gwendolyn Wilson in the amount of five thousand and 00/100 dollars ($5,000.00), less the percentage of fault attributed to Ms. Wilson of 40%, for a judgment in the amount of three thousand and 00/100 dollars ($3,000.00).

(Judgment of April 12, 2006.)

Defendant Ford opposes Plaintiffs' motion and asserts that the "majority of courts considering the issue of whether comparative fault is applicable in a strict liability action have determined that fault should apply." (Def.'s Response at 2.) (citing *Whitehead v. Toyota Motor Corp.*, 897 S.W.2d 684 (Tenn. 1995)).[2] Ford also asserts that comparative fault applies to a breach of warranty cause of action because the elements of proof in a breach of warranty cause of action are the same as those in a strict liability cause of action and because the breach of warranty cause of action in the present case is tort-based rather than contract-based. (Def.'s Response at 3-4.)

In Plaintiffs' reply to Defendant's response, Plaintiffs again assert "that South Carolina law does not permit a reduction in the verdicts for comparative negligence on the strict liability and breach of implied warranty causes of action." (Pls.' Reply at 2.) With respect to the law of strict liability in South Carolina, Plaintiffs note that the South Carolina Legislature codified Restatement (Second) of Torts § 402A in the Defective Products Act, S.C. Code Ann. §§ 15-73-10 through 15-73-30. Section 15-73-30 provides that "[c]omments to § 402A of the Restatement of Torts, Second, are incorporated herein by reference thereto as the legislative intent of this chapter." S.C. Code Ann. § 15-73-30. The comments to § 402A provide the following:

> [c]ontributory negligence of the plaintiff is not a defense when such negligence consists merely in a failure to discover the defect in the product, or to guard against the possibility of its existence. On the other hand the form of contributory negligence which consists in voluntarily and unreasonably proceeding to encounter a known danger, and commonly passes under the name of assumption of the risk, is a defense under this Section as in other cases of strict liability.

---

[2] In *Whitehead*, the Supreme Court of Tennessee held that Tennessee's modified comparative fault system applied to products liability actions based on strict liability. 897 S.W.2d 684 (Tenn. 1995). The court stated that "[c]ourts in a majority of states that have considered the issue of whether comparative fault should apply in products liability actions based on strict liability in tort have decided that comparative fault should apply in such cases." *Id.* at 690 (citing *Butard v. Suburban Marine & Sporting Goods, Inc.*, 555 P.2d 42 (Alaska 1976), and collecting other cases).

5

Rest. 2d Torts § 402A, comment n. Here, the first jury determined that Ms. Hayward was 45 percent at fault and that Ms. Wilson was 40 percent at fault. The first jury also specifically found that none of Plaintiffs assumed the risk of their injuries.

Ultimately, without further guidance from the South Carolina Legislature on the issue of the applicability of comparative fault to a strict liability cause of action, this court is constrained to follow the law as set forth in S.C. Code Ann. § 15-73-30. Therefore, despite the apparent majority view that comparative fault should apply in strict liability cases, it appears that South Carolina law does not so provide. Until it does, the court must conclude that Plaintiffs' comparative fault is not a defense to their strict liability cause of action.[3] Accordingly, the court grants Plaintiffs' motion to alter and amend the judgment of April 12, 2006, and concludes that the amended judgment should provide that "a judgment is entered against defendant Ford Motor Company on behalf of the estate of Erika Hayward in the amount of three million two hundred fifty thousand and 00/100 dollars ($3,250,000.00)." With respect to Plaintiff Wilson, the amended judgment should state that "a judgment is entered against Ford Motor Company and in favor of Gwendolyn Wilson in the amount

---

[3] In addition to asserting that comparative negligence does not apply to strict liability causes of action in South Carolina, Plaintiffs also assert that comparative fault does not apply to breach of warranty causes of action. In support of this assertion, Plaintiffs cite *Smoak v. Carpenter Enterprises, Inc.*, 319 S.C. 222, 460 S.E.2d 381 (1995), wherein the Supreme Court of South Carolina stated that "a charge on contributory negligence, a tort concept, would have been inappropriate and confusing in the breach of contract and breach of warranty actions." *Id.* at 224, 460 S.E.2d at 383 (citing *Jennings v. Clearwater Mfg. Co.*, 171 S.C. 498, 172 S.E. 870 (1934)). Also, in disputing whether Plaintiffs' breach of warranty cause of action is tort-based rather than contract-based, Plaintiffs assert that liability for breach of warranty in South Carolina is governed by Article 2 of the Uniform Commercial Code. Ultimately, because the court is constrained to conclude that Plaintiffs' comparative fault is not a defense to their strict liability cause of action, the court need not determine whether comparative fault does or should apply to Plaintiffs' breach of warranty cause of action. Accordingly, the court declines to do so.

of five thousand and 00/100 dollars ($5,000.00)."[4]

## II.     Plaintiffs' Motion for a New Trial on the Issue of Punitive Damages

Also on April 21, 2006, Plaintiffs filed a motion for a new trial on the issue of punitive damages based upon various alleged errors of law and rulings of the court. Plaintiffs assert, *inter alia*, that the court erred: (1) by failing to limit Defendant from presenting evidence concerning the underlying cause of action; (2) by failing to let Plaintiffs put forth certain relevant rebuttal testimony; (3) in its treatment of Dr. Marth's deposition testimony; (4) by excluding highly relevant documents such as the Blue Talk Magazine Article and the ice cream memo; and (5) by allowing Defendant to argue that the previous jury finding's were erroneous. (*See* Pls.' Mot. at 2-5.)

In response, Defendant asserts that "Plaintiffs' motion is simply a list of purported errors" and "is completely devoid of analysis and citation to legal authority." (Def.'s Response at 1-2.) Nevertheless, Defendant does attempt to interpret Plaintiffs' allegations of error and respond to them. In Plaintiffs' reply, however, Plaintiffs assert that Defendant's response fails to adequately address Plaintiff's motion. The court disagrees with Plaintiffs, and ultimately, after a review of the record, including Plaintiffs' motion, Defendant's response, and Plaintiffs' reply, the court concludes that Plaintiffs' allegations of error are without merit and fail to establish any errors sufficient to justify the granting of a new trial. Accordingly, the court denies Plaintiff's motion for a new trial on the issue of punitive damages.

---

[4] Stated differently, the April 12, 2006 Judgment should be amended to delete the following portion of the seventh paragraph: "less the percentage of fault attributed to Ms. Hayward of 45%, for a total judgment in the amount of one million seven hundred eighty sever thousand five hundred and 00/100 dollars ($1,787,500.00.)." Also, the following portion of the eighth paragraph should be deleted: "less the percentage of fault attributed to Ms. Wilson of 40%, for a judgment in the amount of three thousand and 00/100 dollars ($3,000.00)."

## III. Defendant Ford's Motion for Judgment as a Matter of Law or in the Alternative for a New Trial as to Phase One

On April 26, 2006, Defendant Ford filed its motion for judgment as a matter of law, or in the alternative, for a new trial as to phase one, pursuant to rules 50 and 59 of the Federal Rules of Civil Procedure. In support of its motion, Defendant asserts that Plaintiffs failed to establish the elements necessary to support the causes of action alleged by Plaintiffs. Ford asserts that Plaintiffs' glass or glazing claim is preempted by Federal Motor Vehicle Safety Standard ("FMVSS") 205. Additionally, Ford argues that no evidence supports Plaintiffs' glass or roof defect theories because the court should have excluded the expert testimony of Dr. Batzer. With respect to Plaintiffs' stability claim, Ford asserts that Plaintiffs failed to establish that the vehicle was defective and unreasonably dangerous or what would have happened had the Explorer continued to slide out rather than rolling over.

In response, Plaintiffs assert that Ford has waived its "preemption" argument by failing to raise this issue in its previous motions for judgment as a matter of law. Plaintiffs state:

> Ford failed to make a motion for judgment based on the preemptive effect of FMVSS 205. While Ford did make a motion for judgment on other grounds, the word "preemption" was never uttered by Ford in its motion either orally, or in any written brief. As a matter of law, Ford has waived any preemption argument that might have been available to it.

(Pls.' Opp. to Def.'s Mot. for JMOL at 4.) Additionally, Plaintiffs assert that Ford's remaining objections are substantively meritless.

Ultimately, after a thorough review of the record, including Ford's motion and Plaintiffs' response, the court agrees with Plaintiffs that Ford's objections are either procedurally or substantively meritless, and therefore, none of Ford's objections entitle it to judgment as a matter

of law, or in the alternative, a new trial as to phase one. Accordingly, as with Defendant's previous motions for judgment as a matter of law, the court again denies Defendant's motion.

## **CONCLUSION**

It is, therefore, **ORDERED** for the aforementioned reasons that Plaintiffs' motion to alter and amend Judgment of April 12, 2006, is **GRANTED**. Accordingly, the court will amend the seventh paragraph of the April 12, 2006 Judgment by deleting the following: "less the percentage of fault attributed to Ms. Hayward of 45%, for a total judgment in the amount of one million seven hundred eighty sever thousand five hundred and 00/100 dollars ($1,787,500.00.)." Also, the court will amend the eighth paragraph of the April 12, 2006 Judgment by deleting the following: "less the percentage of fault attributed to Ms. Wilson of 40%, for a judgment in the amount of three thousand and 00/100 dollars ($3,000.00)."

Additionally, it is **ORDERED** for the aforementioned reasons that Plaintiffs' motion for a new trial as to the issue of punitive damages is **DENIED**, and Defendant's motion for judgment as a matter of law, or in the alternative, for a new trial as to phase one is **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**June 1, 2006**

9